UNITED STATES of America,
Plaintiff,

v.

John Leonard BOND and Ralph Edward Teague, Defendants.

Crim. No. 7109.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 13, 1971.

See also, D.C., 316 F.Supp. 1359.

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson and W. Thomas Dillard, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

James H. Epps, III, Johnson City, Tenn., for defendant Bond.

Ben W. Hooper, II, Newport, Tenn., for defendant Teague.

## MEMORANDUM AND ORDER

NEESE, District Judge.

The defendant Mr. Bond applied to this Court for enlargement on bail bond

pending appellate review herein. By findings, certificate and order of September 14, 1970, it was decided:

> * * * It is the finding of the Court, from the medical evidence adduced upon the trial that Mr. Bond's spasmodic mental condition is such that he may be reasonably expected to commit another crime or endanger Society otherwise if he is enlarged on bail pending appeal. Therefore, his request for such stay and enlargement hereby are DENIED.

Mr. Bond has again applied to this Court for enlargement on bail bond pending appellate review. The Court has reason to believe that the release of Mr. Bond, pending the appeal of his conviction, poses a danger to Society, in the form of physical danger. 3 Federal Practice and Procedure (Wright) 263, 269, Release on Bail, § 767. Dr. David Graham Hubbard, a psychiatrist, testified on the trial, *inter alia:*

> * * * * * *
>
> * * * In the case of Mr. Bond I think there is no doubt whatsoever, from a carefully elicited history, that Mr. Bond enters into periods of time in which he begins to come under an increasing load of tension in which he drinks more, uses more drugs, gets more involved with his family, gets his legal situation more entangled. And once one of these emotional situations has started, they build and build until ultimately there has historically in Mr. Bond's case always been some final crisis solution. Crisis in the sense that it is irrational, given to explosive sort of behavior.
>
> * * * * * *
>
> * * * The evidence of this particular psychiatric process in this individual is quite clear-cut from the twelfth year of [his] life with Man. I followed legal difficulties, problems and other situations which arise periodically. That the forerunner of each such explosive time and event ordinarily lasts some thirty days, during which his tension heightens, during which his impulse-control is lessened;

that once the thing is set into gear, some crime of some kind is going to result, whether it be a personal violence rendered upon another person— like a child who is looking for a spanking until they finally get it.

> Once this thing is set under way in Mr. Bond, it is inevitable he is headed —he is like an accident looking for some place to happen. For some thirty days prior to this event he was that accident. It occurred in the form of a bank robbery.
>
> It could have been just as well in the form of a high-jacking, could have occurred in murder, could have occurred in a number of violent antisocial acts, in which he intended to reconstitute himself in the image of a person.
>
> This is characteristic of certain groups of criminals, such as sky-jackers and bank robbers, being paramount in this area.

THE COURT: You mentioned a moment ago he seemed to rebel against authority. If he had his complete freedom, in your opinion, would he be dangerous, now that he is being prosecuted by the United States government, to the property of the government and its officials?

THE WITNESS: At this moment?

THE COURT: At this moment.

THE WITNESS: I think today he is probably a tame cat. I wouldn't be afraid to associate with him today. Give him thirty days to get things fouled-up, and I wouldn't want to be in the car with him.

> * * * * * *

The application of the defendant Mr. Bond for enlargement on bail bond pending appeal of his conviction herein hereby is denied, Rule 23(c), Federal Rules of Appellate Procedure, without prejudice to his applying for similar relief to the United States Court of Appeals for the Sixth Circuit, Cincinnati, Ohio, or any judge thereof, or to the Supreme Court, or a justice thereof. Rule 23(b), Federal Rules of Appellate Procedure.